Oral argument not to exceed 15 minutes per side. Alexander, you may proceed for the appellant. May it please the court. Ashley Alexander on behalf of Rishad Williams. With the court's permission, I'd like to reserve four minutes for rebuttal. Very well. Williams is currently but the criminal judgment against him rests on a violation of his fourth amendment right, an incorrect analysis of his second amendment right, and a clearly erroneous view of the factual record at sentencing. Our briefing also raises an ineffective assistance of counsel claim but given my limited time and barring the court's questions, I will submit on our briefs on that issue. I know we potentially have a lot to get to so I would like to start by addressing head-on the government's threshold contention that Williams waived his ability to raise his constitutional claims on appeal. Can I ask you a threshold question before you get to your threshold issue? The Supreme Court recently heard arguments in the Hunter case which arguably invokes the same issue here, close to the same issue in this case. Should we hold this opinion for the Supreme Court to issue its opinion in Hunter? And I'll ask the other side the same question. Sure, so I think that's right. I do think at a minimum Hunter will provide principles that could help this court in resolving potentially the effect of the district court statements here. What I will say is I don't think Hunter is on all fours necessarily. In that case, as I understand the facts. If it's a good rule for you, you might say it's close enough. Sure, sure definitely and we think the principles will help. I mean I do want to say though the daylight between the two cases could potentially be relevant after that decision comes down and the daylight being here the district court didn't necessarily contradict a prior. Any future position? I just wanted to get a general sense of where you thought it was close enough. Sure. That it was something we should wait for. Yes, we think that would be prudent to wait for Hunter to see what the Supreme Court says on that. But what is the daylight? So the daylight would be here there's a clear transcript of the district court stating quote you're not waiving any of your appellate rights. That's the substance of the agreement here. At sentencing, the court actually doubled down on that statement and said you have the ability to appeal anything from this case. Whereas in Hunter, as I recall the facts, there was a written plea agreement where the defendant waived his ability to appeal his sentence and then the district court went back on that statement at sentencing and so there's a conflict in what the district court said. Here there's a through line and we don't think there's any dispute that there's a clear record and so we think that that's enough under rule 11 and this court's precedent that there's a conditional plea that preserved Williams's ability to raise his constitutional claims here. And what is the clear transcript you're referring to? Yep, so that will appear at page 346 in docket number 55 and that's where the district court said quote you're not waiving any of your appellate rights. And that came at Williams's... Other than the fact. Sure, other than the fact that he did what the government said he did which is actually in keeping with how conditional pleas function. The idea of a conditional plea is that we don't want defendants to have to go through the whole rigmarole of trial to preserve pre-plea issues and so they can plea to some facts of a conditional plea and then preserve those pre-plea issues and that's what we have here. We have two pre-plea issues which is his fourth amendment claim and second amendment claim and under the conditional plea that he made and that the court agreed to and the government agreed to as well, he's preserved those issues and so we think that those substantive issues are before the court. But later he goes on after this court makes that statement the court goes on to go through in great detail the facts of the crime and he agrees that that happened on page 24 of the transcript. I guess 23 and 24. So he's agreeing that he's committed all these these crimes. So how can he now be claiming that there's some sort of a fourth amendment or second amendment? It seems like to me once you've agreed you've committed a crime you can't then raise constitutional challenges to the conviction, can you? You can under conditional plea. That's how they function. The idea is that you can plead guilty to the facts but the substantive contentions under the the pre-plea constitutional claims that Williams raises actually go to the constitutionality of the search. But he doesn't say when he says, I mean the best you've got is the government, the court saying that. There's nothing from the from the defendant saying anything about he's conditioning his statement of guilt on this, you know, on being able to bring a challenge. So the defendant agreed to the court's clear statement and we think that the the defendant should be able to believe what the court says and the government agreed to the fact and the scope of that waiver and so we think that is is significant and sufficient under this court's precedent and under rule 11. And so we would we Williams preserved his constitutional claims. If I can pivot to the substance of those constitutional claims. Before you do, I guess I want to make sure that I understand what you mean when you say that each side agreed. Is it your position that the government agreed by not objecting or that is there something affirmative on the record of the government saying yes we agree that he hasn't waived his appellate rights? Thank you and that's an important distinction. So the case law does draw a line between government silence. The court doesn't extrapolate from government silence. Here we don't have that. Specifically at page 356 the government said yes it was satisfied with the district court's recitation of the fact and the scope of Williams's waiver of rights including his trial and appellate rights and so we think the government made an affirmative statement and that is enough. We're not asking the court to read the tea leaves of silence. We think there's a clear record on that on that front. You are sort of. I mean suppose there was if there was a written plea agreement and it didn't include any carve outs for issues you preserve for appeal like a second or fourth amendment issue your client would be foreclosed from appealing those right? If there was a written agreement that didn't state any particular pre-plea constitutional claims I think that's right. I mean there's cases on that. Right so your this statement here does not carve out any the statement that your client or the statement the judge read does not carve out any pre-plea arguments and your client did not expressly or your client's on the record so this feels to me a lot like a case where you have a written plea agreement that doesn't that doesn't preserve anything for appeal. So I think the difference is the court expounded on its statement quote you're not waiving any of your appellate rights by stating the only thing that he was waiving was the fact that he did what the government said he did and so based on that statement the pre-plea issues that he had raised are clearly on the table. I mean he's he's got the issues right he can he can challenge sentencing issues but no one says anything about fourth or second amendment here and there's no reference to to these prior arguments. I mean you're reading a lot and that may not have been the most precise way to say it but you're reading a lot into you're not waiving your rights other than the fact you just pled guilty. I mean just you just admitted to the crime if anyone or men any if either the judge or the government or your client had said second amendment fourth amendment arguments different story in my mind but like none of that is mentioned so we're this you're just reading a lot into this I mean the presumption is you don't get to appeal I think unless you expressly state them there's no express statement of them so you really ask that just that statement's doing a lot of work for you and the government doesn't the government doesn't concede to agrees with the judge so I'm not sure the government's statement really matters a whole lot. I don't know that we're extrapolating a lot from this because this was a broad statement so the statement is doing a lot of work in and of itself when it states you're not waiving any of your appellate rights except for the fact that you did what the government said you did and we think that preserves all of the pre-plea constitutional issues and again the court doubled down on that at sentencing when it said you have the ability to appeal anything from this case and so we think that's sufficient to to preserve the pre-plea constitutional claims on that record. You obviously would advise them to expressly state what it's I would hope that I could I could believe the district court at its word when it says something like this you are not waiving any of your appellate rights and the and the defendant says yes I agree to that conditional plea and the government says yes we are satisfied with that description of the waiver. I think that all the parties should be able to believe the district court said what it what it meant. I see I'm getting low on time I would love to address the substance of the the district court erred when it denied his motion to suppress the rifle underlying his second felon in possession charge. That rifle was obtained following a warrantless search of Amaya's home and I want to be clear about the specific issue being teed up before the court. The government has disclaimed justifying the search this warrantless search based on exigencies it's specifically disclaimed justifying this search based on Williams as a parent authority and so the only issue being teed up for the court is did Williams have actual authority and on that front the government does not dispute that Williams satisfies no factor indicative of actual authority. As Amaya's testimony at the suppression hearing makes clear he wasn't a resident he didn't have a key and he only visited there when she was present and available and under the factors that determine whether someone has common authority this case falls well below any facts that would that would show actual common authority and so we think the district court was wrong on that front. As to Williams's second amendment claim we contend that the district court erred when it denied Williams's motion to dismiss his as applied challenge under the second amendment. The district court essentially just stated that 922 g1 was constitutional as applied to him based on stale case law that itself. That's pre-Williams different Williams but that's pre-Williams we've not issued Williams that doesn't resolve the issue. United States versus Williams was the 2024 case and then right so the district court denied this Williams's motion to dismiss by citing Kerry which basically relied on Heller's one-off reference in a footnote to presumptively legal firearm regulations it had no historical analysis to it. Williams did historical analysis correct Williams did do a historical analysis but Williams made clear that Bruin is what created the shift and the doctrinal approach to the second amendment and Bruin predated the district court's decision here by two years. And so we think that the district court should have done a text history and tradition analysis it didn't the government agrees and so we would ask that you remand for that. Remand to the district court isn't the district court going to follow our Williams decision? May I answer the question? I see my time is expired. I definitely think Williams will be helpful uh it it had a very robust historical analysis. Williams itself recognized that um the uh the dangerousness analysis will have to be defendant specific the district court didn't do that here and so there is work to be done. Can we do that? We think it would be prudent for the district court to do it in the first instance of course. It's done it before right? This court has done it before when the district court has applied the correct analysis in the first instance and is reviewing the district court's work. So we think the district court should do it first and this court should be a court of review not one of the first instance. Thank you. May it please the court opposing counsel my name is Frank Spryzak and I'm representing the United States of America this morning. This case involves two separate counts which have distinct arguments associated with each. So I'm going to attack each count separately. First with regard to count one the court should affirm for the following reasons. Can you ask you this? I said I was going to ask you this maybe I thought you would start with it but uh the Hunter issue. Actually I can your honor yes. I said I was going to ask you this. So with regard to the Hunter issue the government does not believe it believes it's distinguishable in terms of its fact pattern. If you in examining the case that's a circumstance where you have appeal waiver language incorporated into a plea agreement and we don't have a plea agreement in this case. This was just an open plea to the indictment and that's why we feel it's distinguishable in this court. In both cases we have the judge right the district court saying things that might be inconsistent with a different understand. In that case the district judge maybe said something different than what was in the plea agreement and here the district judge says something that might be different. You know you could argue it's different than the traditional understanding of what the plea waves. Even without a plea agreement what the plea waves. Yes your honor and what I think this court's prior decisions and Herrera and Master Mateo are instructive with regard to imprecise statements on the record. The supreme court's going to issue more guidance presumably or maybe we don't know. We don't know. We don't I don't know that with regard to Hunter I think that because the way that I'm reading that decision is that the it was basically contingent upon whether or not he can still appeal based off of the appellate waiver language. I don't know that it was necessarily fully contingent upon statements by the district court. I could be misinterpreting my review of the case but that's the way I'm reading it and I think there's a distinction between that case in this case and that's why I believe this court can go forward excuse me go forward without waiting for a ruling from the supreme court with regard to that particular issue. With regard to waiver the this court's asked a few questions of opposing counsel with regard to the record in this case and I think it's it's important to look at the transcript of the change of plea you know specifically page ID numbers 337 through 337 through 339 346 and 353 through 54 in each of those circumstances Williams is communicating with the court and he's not preserving any appellate rights at that point. He's also entering a guilty plea to both counts and he during in the motion to dismiss based off of Bruin there's no reference to a self-defense argument within the that particular motion and even after the Williams decision was issued by this court the Williams in this case did not ask the district court to revisit the issue as it related to self-defense. I think that your friend and their sides argument is tied to this you know clause in this sentence you're not waiving any of your appellate rights so I think that's isn't that isn't that what most this turns that's my understanding what most of this turns on that the judge was saying you're not waiving any rights and they're not acknowledging that they made arguments before but there were arguments made in the case before certainly about the fourth amendment you're not you're not waiving any of those rights how do you understand that phrase? I believe the my interpretation of the phrase is this he's he's not waiving any rights because he I mean he wasn't he didn't preserve anything so you know in terms of what he's actually waiving at the time of the change of plea it would be the normal appellate rights that are associated with a guilty plea with regard to whether the sentence goes outside of the guideline range whether the sentence feels is inappropriate but in terms of jurisdictional issues related to the case that prior to entering the plea there's no indication that Williams preserved any of those appellate rights through the his colloquy with the court so even though the judge in this case was a little overbroad in terms of his statement with regard to the waiver component there was no preservation which would save the the plea under rule 11 so therefore the in this circumstance you don't have if I go back to the Herrera case and again I understand the supreme court's going to address Hunter but in in the Herrera case the the court incorrectly told that defendant that he preserved a plea agreement through his appeal which were in his written plea agreement at the change of plea which was inaccurate and the government did not object to that language on the record and this court held that was not enough to trump the plain language of criminal rule 11 with regard to preserving a plea for a contingent plea if I could move forward to the Bruin analysis your honors the defendant Williams in this case originally in the appellate brief cited the Singleton case in page ID 25 as well as page ID 46 and originally cited the same passage that the government cited in its letter brief related to the decisions and Wiseman versus Ryder and and Reidner which indicate that he did not have justification or have a sufficient justification defense what related to count one and that's also an issue which should have been presented to a jury that's for a jury to decide but the defendant has Williams has waived that particular argument as the government previously stated by not especially specifically addressing the issue in its original Bruin motion moving forward with regard to Bruin and the dangerousness opposing counsel references the district court not addressing Bruin within its opinion however that is inaccurate there was references to Bruin within the opinion and was not the district court was not relying on stale case law additionally if you turn to the 2025 Williams decision that's a circumstance as well as the Henson decision from that year as well where you have defendants convicted under 922 g1 after the Bruin decision but prior to Williams and in each of those circumstances this court held that if there's sufficient evidence on the record to make a dangerousness determination this court is capable of doing so without remand so if you look at this case in terms of the through a dangerousness analysis based upon the evidence that's on the record Williams has a felonious assault conviction from 2015 which the 2024 Williams decision states would be sufficient in and of itself for a finding of dangerousness specifically self-evident of dangerousness according to the PSR he had multiple fights while he was incarcerated in the state prison system as well as while he was in pretrial detention while he was committed both of these offenses he was on a form of community control which this court is deemed to be another factor in terms of determining dangerousness in the Goins decision so there's enough evidence and information available to this court that would not require remand to address that particular issue if I could move forward to the suppression issue as a with regard to count two in that case the government did not disclaim apparent authority what we did is we indicated that because Williams consented in this circumstance that he was had apparent authority to do that and he was simply asking for retrieval of clothing this is in a circumstance where he was consenting to a physical search of the house for contraband and I think there's a distinction there if you look at the cases that were cited in the appellant brief as well as the reflect on the apparent authority issue the officers asked him if he lived there and he said no right that's correct so what was what was what gave them a basis for a parent authority that to search the search the home well again your honor I think this is a circumstance where there you have an individual who is partially clothed it's cold he asked specifically for clothing he didn't tell them specifically where to go in the residence to locate the clothing there was testimony during the maybe he wouldn't miss he didn't live there maybe he didn't necessarily know where to tell them well he didn't what what just the fact if an officer if someone just says it's enough to say there's something inside we get it for me that's always enough to for officers to have apparent authority to search the home I believe in this circumstance it is I mean he's asking for it the owner of the residence did not deny consent to the officers and she did not direct them to a specific location within the residence to locate the clothing either can they can they draw apparent authority from her statements as opposed to his I think in the totality of circumstances you can and take a parent authority out of the situation based upon his status as an overnight guest when we agree that he's an overnight guest and he didn't live there but he's there's testimony from Miss Amaya that he was walking on the stairs as the officers were approaching the officer testified during the suppression hearing indicated that he did not specifically see Mr. Williams coming down the steps himself but there was within the body camera video which was presented to the court and from and reports which were that officers did see him coming down the stairs at that point so I think it's reasonable for officers to presume that he's coming from downstairs that there he's going to have clothing upstairs I see in your brief in your brief on appeal you said whether Williams had apparent authority is irrelevant to the analysis well that's because we were our our argument was that he had actual authority with regard to I thought we were sorry I thought we wasn't disclaiming it my argument was in my brief was that he had authority to to consent and actual action that was the saying the parents irrelevant to the actual is that is that well I think that our argument was that we were sufficient in terms of the actual authority argument that we did not need to go through a full analysis I'm not suggesting through the brief or through this argument today that the court can't make a parent authority analysis based upon the facts you have to obviously argue the apparent I think you have to argue the apparent authority us if you want us to resolve that in your favor but but okay that's usually that's the rule okay with regard to the again but going back to the search is it's a circumstance where this is not a situation where Williams is asking for or consenting to a search for related to a criminal investigation the arrest had already been effectuated at that point and he's asking specifically for clothing the firearm was located in plain view closet was open it didn't have doors there was testimony there was men's clothing inside of the inside of the closet which is why they were looking there for the for clothing for him as well so the cases which were cited in response to his consent primarily deal with the circumstances where if the situation was reversed where Williams is consenting to law enforcement to enter the residence and they find contraband and charge a miss Amaya with it there's nothing that was cited by opposing counsel which indicates if he consents as an overnight guest himself to retrieve clothing that there would be a fourth amendment violation if they end up finding contraband which is attributable to him if I made move on to the sentencing enhancement under a minute to go the fact standard for the district court in that circumstance in in addressing whether or not the sentencing enhancement was applicable is based upon a preponderance of the evidence and the standard for this court to review is clearly erroneous the Williams stipulated to the facts outlined at the change of plea hearing which would be can be found in page 204 of the PSR he actually stated and I'm sorry that was in the in the PSR he took full responsibility for the firearms and specifically said no excuses which kind of contradicts the self-defense argument which he was trying to put forth through the affidavit the court had an opportunity to I see my time is up so okay we'll we'll get that argument out of your briefs thank you for your arguments rebuttal please thank you I'd like to start with waiver because I realize that that's top of the court's mind and I'll start with Hunter and say that we do think it's prudent for the court to hold for Hunter the Supreme Court to the extent it decides the issues in that case related to a district court's statements and the substantive legal effect of those statements under it will likely inform this case obviously in in this case the substantive legal effect we think is that the district court statements was the agreement it's not a modification of a written agreement as in yeah what's your best authority for statements in a trans in a hearing being able to satisfy a written document requirement of rule 11 yes so master mateo is on point and there the actually uh quibbled with the conditional plea before the district court and this court still found that the conditional plea was valid based on a clear transcript um and rule 11 but there was a written agreement at least there was no written agreement no and rule 11 h uh was the the textual hook under rule 11 that the court looked to to determine that a clear transcript can satisfy rule 11's written writing requirement because a clear transcript satisfies the intent and purpose of the rule transcript in that case was a little more clear than this one would you agree we would not i mean we think the transcript is incredibly clear here the government has offered no person that one he explicitly said he wanted to preserve his right to appeal regarding search and seizure or something sure so it was narrower um the the was the defendant saying something or was the court saying something there in master mateo i believe it was both as well as the government um and here we have the district court stating um you are not waiving any of your appellate rights on that condition williams pled guilty and the government agreed to the scope of that waiver um and so we we think this case is actually uh potentially easier than master mateo because the government agreed here um and so the clear transcript we think is enough and the government hasn't offered a compelling response to what the district court statement the effect of that statement it has to it has to mean something um and you're not waiving any of your appellate rights we think preserves the briefly constitutional issues um my understanding is that the government's quibble is that it's not in writing um and this circuit's case law is clear that a clear transcript can satisfy the writing requirement um under rule 11 um as to the fourth amendment issue um we think as a judge reidler you have said we think the government has waived any argument on apparent authority um it is stated in its brief that apparent authority is quote irrelevant and it did not make a substantive argument to that effect to the effect of justifying the search under apparent authority it um puts all of its eggs in the actual authority basket um and we don't think there is any actual authority here minnesota versus olson um is clear that an overnight guest which is what williams was um can have a legitimate expectation of privacy yet lack the legal authority um to determine who can enter and exit a home and so we think that here williams as the government agrees had a legitimate expectation of privacy as an overnight guest but lacked the actual authority to consent to a search of a home and we think that that's outcome determinative uh on the motion to suppress and so we would ask that the court um reverse the district court on that and remand so that can be sentenced without the rifle evidence and thus without the count to um felon in possession um unless the court has any further questions we can rest on our briefing on the rest of the issues thank you very much and and thank you to you and your your firm for handling this as a cj appointment you ably represented your client and thank you to the government for your arguments as well we'll take the matter under submission and now here the next case